**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| BRANT D. PRADERE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00241-RCJ-RAM |
| vs. | ) | |
| | ) | |
| CSW FINANCIAL, LLC et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. Plaintiff is appearing pro se. The Complaint lists fourteen causes of action, although only the first eleven causes of action are numbered. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. For the reasons given herein, the Court denies plaintiff's motion for preliminary injunction and grants Defendants' motion to dismiss.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Brant Pradere gave lender CSW Financial, LLC, dba Titan Wholesale ("CSW") a $308,000 promissory note, secured by a deed of trust ("DOT"), to purchase property at 2309 Table Rock Dr., Carson City, NV 89706 (the "Property"). (DOT 1–3, Apr. 2, 2007, ECF No. 7-1). The trustee was Stewart Title of Carson City, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's nominee. (*Id.* 1). MERS substituted Quality Loan Service Corp. ("QLS") as trustee on May 20, 2009, and QLS filed the notice of default ("NOD") the same day based on a default of an unspecified amount since January 1, 2009. (Substitution, May 20, 2009, ECF No. 7-2; NOD, May 20, 2009, ECF No. 7-3). The foreclosure was statutorily proper.

1  *See* Nev. Rev. Stat. § 107.080(2)(c).

2  Plaintiff petitioned for Chapter 7 bankruptcy in this District in April 2010. (*See* Bankr.
3  Docket, ECF No. 7-4). In May 2010, Aurora Loan Services, LLC moved for relief from the
4  automatic stay as to the Property, and Judge Zive granted the motion in September 2010. (*See*
5  *id.*). Judge Zive closed the case and discharged the trustee in October 2010. (*See id.*). QLS
6  noticed a trustee's sale for March 31, 2011, (*see* Notice of Trustee's Sale, Mar. 1, 2011, ECF No.
7  7-5), but the sale was prevented by a temporary restraining order ("TRO") issued in state court
8  soon after Plaintiff filed the present case, (*see* TRO, Mar. 28, 2011, ECF No. 1-1, at 2). That
9  TRO was conditioned on a $750 bond that Plaintiff admitted at oral argument he did not pay, and
10 which was to expire on April 12, 2011 in any case. (*See id.*). Defendants sold the Property on
11 April 28, 2011. (*See* Trustee's Deed, May 2, 2011, ECF No. 20, at 7). Defendants removed.
12 Plaintiff has moved for a preliminary injunction, and QLS has moved to dismiss.

13 **II.    ANALYSIS**

14     **A.    Preliminary Injunction**

15 The foreclosure in this case was proper. Plaintiff does not deny default, and the
16 foreclosing trustee had been properly and timely substituted by MERS, which had the power
17 under the deed of trust to effect a substitution of trustee. The Court therefore denies the motion
18 for preliminary injunction.

19     **B.    Motion to Dismiss**

20 The Court grants the motion to dismiss. HOEPA was an amendment to TILA. *See* Home
21 Ownership and Equity Protection Act of 1994, Pub. L. 103-325, 108 Stat. 2190. The one-year
22 limitations period for damages under TILA has run. "Any action under this section may be
23 brought in any United States district court, or in any other court of competent jurisdiction, within
24 one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The alleged

25

violations occurred on or about April 2, 2007, and the Complaint was not filed until March 24, 2011. The remedy of rescission is available for three years under TILA, and that claim is therefore also time-barred. *See* 15 U.S.C. § 1635(f). Also, rescission is only available where a borrower is willing and able to tender the balance on the promissory note, which is not the case here. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1392 (9th Cir. 1974). Moreover, § 1635 "does not apply to . . . a residential mortgage transaction as defined in section 1602(w) of this title." 15 U.S.C. § 1635(e), (e)(1). "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." *Id.* § 1602(w). In other words, the right to rescind under TILA exists only if the Property was not itself the security for the loan obtained to purchase the Property. *Compare In re Schweizer*, 354 B.R. 272 (Bankr. D. Idaho 2006) (holding that the TILA rescission remedy did not apply where borrowers used funds to acquire a primary residence), *with De Jesus-Serrano v. Sana Inv. Mortg. Bankers, Inc.*, 552 F. Supp. 2d 191 (D.P.R. 2007) (holding that the TILA rescission remedy did apply where borrowers encumbered a second property in order to obtain financing for the first). Here, Plaintiff's loan was obtained in order to finance the purchase of the same residence that was used as collateral. Therefore, the TILA rescission remedy does not apply here for this additional reason.

The RESPA claims are also time-barred. *See* 12 U.S.C. § 2614. As to the Fair Credit Reporting Act claim, Plaintiff does not allege which Defendant reported what false credit information to what agency. The claim is a bare-bones recitation of the cause of action. The fraud, conspiracy, and RICO claims are also insufficiently pled in conclusory fashion. Next, the breach of fiduciary duty claim fails because a lender is not the fiduciary of a borrower. The

1  unjust enrichment claim fails because the relationship between the parties is governed by written
2  contracts.  The quiet title claim fails because the foreclosure was proper.  Finally, there has been
3  no usury law in Nevada since 1981. *See* 1981 Nev. Stat. 1593.  Parties may agree to any rate of
4  interest and any fees. Nev. Rev. Stat. § 99.050.

**CONCLUSION**

IT IS HEREBY ORDERED that the Preliminary Injunction (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in the case and close the case, as all served Defendants have joined the present motion.

IT IS SO ORDERED.

DATED this 5th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge